## Ruane v Depierro

2024 NY Slip Op 32582(U)

July 26, 2024

Supreme Court, Kings County

Docket Number: Index No. 522887/2022

Judge: Francois A. Rivera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 52 of
the Supreme Court of the
State of New York, held in
and for the County of Kings,
at the Courthouse, at Civic
Center, Brooklyn, New York,
on the 26th day of July 2024

HONORABLE FRANCOIS A. RIVERA

-------------------------------------------------------------------X

MATTI RUANE,

**DECISION & ORDER**

                           Plaintiff,

Index No.: 522887/2022

  -against-

Ms. 2

CEZANNE DEPIERRO, MARIE MENOS DEPIERRO,
ROLAND GILLES, and M C DERMODY,

                         Defendants.

-------------------------------------------------------------------X

Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of motion filed on October 2, 2023, under motion sequence number two, by defendant Christopher Dermody, s/h/a M C Dermody (hereinafter movant) for an order pursuant to CPLR 3212 granting summary judgment in his favor and dismissing Matti Ruane's (hereinafter plaintiff) complaint and all cross claims pursuant to CPLR 3211. The motion is opposed.

-Notice of motion
-Affirmation in support
     Exhibits A-J
-Affirmation in opposition
-Affirmation in reply
-Affidavit in reply
-Memorandum of law in reply
-Statement of material facts

**BACKGROUND**

On August 9, 2022, plaintiff commenced the instant action for damages for

personal injury by filing a summons and verified complaint with the Kings County

Clerk's office (KCCO). On February 6, 2023, the movant interposed and filed a verified answer.

Plaintiff's verified complaint alleges the following salient facts. On June 22, 2022, defendant, Cezanne Depierro, was operating a 2019 Subaru, bearing license plate number JEG8757 with the permission of its owner, Marie Menos Depierro on 907C West bound of the Belt Parkway and Fountain Avenue, Brooklyn, New York. On the same date, time, and place, defendant, Roland Gilles was operating a 2019 Subaru, bearing Arizona license plate number EX65883 with the permission of its owner, the movant (hereinafter the adverse vehicle). On the same date, time, and place, plaintiff, Matti Ruane was operating a 2021 Nissan, bearing New York State license plate number JCB1468.

On the same date, time and place, the vehicle operated by the plaintiff and the vehicle operated by defendant, Roland Gilles came into contact. On the same date, time, and place, the vehicle operated by Plaintiff, Matti Ruane, and the vehicle operated by Defendant, Cezanne Depierro came into contact. As a result of the occurrence, plaintiff was seriously injured. The occurrence was caused wholly and solely by reason of the negligence of the defendants without any fault or negligence on the part of the plaintiff contributing thereto.

On March 28, 2024, the Court gave the movant until April 18, 2024, to file a statement of material facts and gave the plaintiff until May 9, 2024 to file a counterstatement of material facts in accordance with the Uniform Rules for the New York State Trial Courts (22 NYCRR) § 202.8-g.

[* 2]

The movant timely complied, but the plaintiff did not submit a counterstatement of material facts.

## LAW AND APPLICATION

The movant's evidentiary submission established the following facts. Plaintiff was allegedly injured in a three-car accident that occurred on June 22, 2022. The subject accident occurred on the westbound Belt Parkway. Plaintiff was operating his motor vehicle in the middle lane of the Belt Parkway. Plaintiff's vehicle and co-defendant Cezanne Depierro's vehicle were hit in the rear by a motor vehicle operated by co-defendant Roland Gilles. At the time of the accident, co-defendant Roland Gilles was operating a 2009 Toyota sedan bearing Arkansas license plate number EX65883. The statement of material facts submitted by the movant state facts pointing to evidence showing that the movant was not the owner of the vehicle that Roland Gilles was operating at the time of the accident.

Uniform Rules for the New York State Trial Courts (22 NYCRR) § 202.8-g (e) provides as follows:

> (e) In the event that the proponent of a motion for summary judgment fails to provide a statement of undisputed facts though required to do so, the court may order compliance and adjourn the motion, may deny the motion without prejudice to renewal upon compliance, or may take such other action as may be just and appropriate. In the event that the opponent of a motion for summary judgment fails to provide any counter statement of undisputed facts though required to do so, the court may order compliance and adjourn the motion, may, after notice to the opponent and opportunity to cure, deem the assertions contained in the proponent's statement to be admitted for purposes of the motion, or may take such other action as may be just and appropriate.

[* 3]

In accordance with 22 NYCRR 202.8-g (e), the facts alleged in the movant's statement of material facts is deemed admitted by the plaintiff, namely, that the movant was not the owner of the motor vehicle that co-defendant Roland Gilles was operating at the time of the accident (*see* 22 NYCEE 202.8-g [e]).

The only theory of liability asserted against the movant is that the movant is the owner of the adverse vehicle in the subject accident and by applying Vehicle and Traffic Law § 388 to that alleged fact. There is no claim of direct negligence by the movant. "Vehicle and Traffic Law § 388 (1) makes every owner of a vehicle liable for injuries resulting from negligence in the use or operation of such vehicle...by any person using or operating the same with the permission, express or implied, of such owner." (*State Farm Fire & Cas. Co. v Sajewski*, 150 AD3d 1297, 1297 [1st Dept 2017], quoting *Murdza v Zimmerman*, 99 NY2d 375, 380 [2003]).

With the finding that the movant is not the owner of the adverse vehicle there is no viable theory of liability against the movant. Accordingly, the movant's motion to dismiss the plaintiff's complaint is granted.

Co-defendants Cezanne Depierro and Marie Menos Depierro have also opposed the movant's motion contending that it was made prematurely. They also failed to submit a counterstatement of material facts. "A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (*Kagan v Ameriprise Fin. Servs., Inc.*, 191 AD3d 654 [2d Dept 2021], citing *Cajas-Romero v Ward*, 106 AD3d 850, 852 [2d Dept

[* 4]

2013]). "The mere hope or speculation that evidence to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny a motion for summary judgment" (*Paul v Village of Quogue*, 178 AD3d 942, 944 [2d Dept 2019]). Here, the co-defendants have failed to establish how further discovery may lead to the disclosure of facts necessary to properly oppose the movant's motion.

## CONCLUSION

The motion by defendant Christopher Dermody, s/h/a M C Dermody for an order pursuant to CPLR 3212 granting summary judgment in his favor and dismissing the complaint of plaintiff Matti Ruane and the cross claims of co-defendant Cezanne Depierro and Marie Menos Depierro is granted.

The foregoing constitutes the decision and order of this Court.

ENTER:

_____
                                                J.S.C.

HON. FRANCOIS A. RIVERA